```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| EVELYN CRUZ-GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>GLADYS RIVERA-MEDINA, et al.,<br><br>    Defendants. | Civil No. 03-1809 (JAF) |

**O R D E R**

On December 31, 2004, Defendant Luis Piñot, in his individual capacity, moved for summary judgment of Plaintiff's complaint, arguing that Plaintiff has put forward no evidence demonstrating that: (1) Defendant Piñot's actions were a contributing factor to Plaintiff's termination, (2) Plaintiff participated in constitutionally-protected conduct cognizable under 42 U.S.C. § 1983 (2003), or (3) a causal relationship existed between Plaintiff's political beliefs and Defendant Piñot's actions. <u>Docket Document No. 18</u>. Defendant Piñot also moved for qualified immunity. <u>Id.</u>  On January 31, 2005, Defendants Hernández, Báez, and Velazco filed a motion for summary judgment. <u>Docket Document No. 27</u>. On March 4, 2005, we denied both motions for summary judgment based on the mistaken belief that only Spanish-language exhibits had been submitted and that no Defendant had requested leave to file English translations at a later date. <u>Docket Document No. 38</u>. On March 4, 2005, Defendants Hernández, Báez, and Velazco moved for reconsideration, referring us

Civil No. 03-1809 (JAF)                                                    -2-

to the filing in which they had requested leave to file Spanish-language documents and additional time to submit translations, <u>Docket Document No. 21</u>, and also to the order in which we granted Defendants' request. <u>Docket Document No. 25</u>. On March 31, 2005, we granted the motion for reconsideration. <u>Docket Document No. 40</u>. On April 6, 2005, we granted Defendant Piñot ten days to join in the reconsideration motion. <u>Docket Document No. 50</u>. On April 8, 2005, Defendant Piñot moved for reconsideration. <u>Docket Document No. 51</u>.

In granting Defendants Hernández, Báez, and Velazco's motion for reconsideration, we conceded that contrary to our earlier supposition, they had requested and been granted leave to file Spanish-language documents and translations. <u>Docket Document No. 40</u>. Defendant Piñot, who submitted a separate motion for summary judgment, never requested leave to file Spanish-language documents and translations. Therefore, our reasons for granting Defendants Hernández, Báez, and Velazco's motion for reconsideration are not relevant to our consideration of whether Defendant Piñot's summary judgment motion is properly supported.

Defendant Piñot's motion for reconsideration is, therefore, denied.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of April, 2005.

                                                    S/ José Antonio Fusté
                                                    JOSE ANTONIO FUSTE

Civil No. 03-1809 (JAF)                                        -3-

1                                           Chief U.S. District Judge